Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

08  CV  4902

*Attorneys for Plaintiffs*

RECEIVED
MAY 2 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ALEJANDRO ALBERTO ETCHETO and SUSANA
ALICIA MONKES AND ALBERTO HABER,

Plaintiffs,

-against-

THE REPUBLIC OF ARGENTINA,

Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

08 CV____ (TPG)

**COMPLAINT**

---------------------------------------------------------------- x

Plaintiffs, by their attorneys, Dreier LLP, for their Complaint allege as follows:

**The Parties**

1.      Plaintiffs Alejandro Alberto Etcheto and Susana Alicia Monkes (together, "Etcheto") are citizens defendant The Republic of Argentina (the "Republic"). Etcheto acquired a certain bond, ISIN No. US040114GH79, issued by the Republic pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 Fiscal Agency Agreement"), in the principal amount of $150,000. A copy of the 1994 Fiscal Agency Agreement is annexed hereto as Exhibit A.

2.      Plaintiff Alberto Haber is a citizen of the Republic. Mr. Haber acquired certain bonds, ISIN Nos. XS0043118172 and XS0043119147, issued by the Republic pursuant to

{00357965.DOC;}

a USD Discount Bond and Par Bond Fiscal Agency Agreement, dated as of April 7, 1993 (the "DPB FAA"), in the principal amounts of $100,000 and $792,000, respectively. A copy of the DPB FAA is annexed hereto as Exhibit B.

        3.      Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

## Jurisdiction

        4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

        5.      Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

## COUNT ONE

        6.      Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 and 3-5 as if set forth here at length.

        7.      As set forth above, plaintiff Etcheto acquired certain bonds issued by the Republic to the 1994 Fiscal Agency Agreement (the "1994 Bonds") and continues to own those bonds.

        8.      Pursuant to Section 22 of the 1994 Fiscal Agency Agreement, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

        9.      Pursuant to Section 12 of the 1994 Fiscal Agency Agreement, the following, *inter alia*, are defined as "Events of Default:"

        (a)      Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such

Series when due and payable and such failure continues for
a period of 30 days; or

(d)    Moratorium: a moratorium on the payment of principal of,
or interest on, the Public External Indebtedness of the
Republic shall be declared by the Republic.

10.    Paragraph 12 of the 1994 Fiscal Agency Agreement further provides that
following either of the foregoing Events of Default, a note holder, *i.e.*, plaintiff Etcheto, may
give the Republic written notice and declare "the principal amount of such Securities by it to be
due and payable immediately," together with all accrued interest.

11.    In or about December 2001, the Republic declared a moratorium on the
payment of principal and interest with respect to all of its foreign debt, including all payments
due under the 1994 Bonds.

12.    By reason of the foregoing, there has been an Event of Default on the
1994 Bonds, and the Republic is in breach of its obligations under the 1994 Fiscal Agency
Agreement.

13.    In accordance with paragraph 12 of the 1994 Fiscal Agency Agreement,
by letter dated May 27, 2008, plaintiff Etcheto provided the Republic with written notice
declaring the principal and interest on the 1994 Bonds to be due and payable immediately.

14.    Notwithstanding, since December 2001, the Republic has failed to make
any payment of principal or interest to plaintiff Etcheto.

15.    By reason of the foregoing, the Republic has breached its contractual
obligations to plaintiff Etcheto and is liable for damages in an amount to be determined at trial,
plus interest.

## COUNT TWO

16.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 2-5 as if set forth here at length.

17.     As set forth above, plaintiff Mr. Haber acquired certain bonds issued by Argentina pursuant to the DPB FAA (the "DPB Bonds") and continues to own those bonds.

18.     Pursuant to Section 16 of the DPB FAA, Argentina (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

19.     Pursuant to the "Form of Discount Bond and Par Bond," which is annexed as Exhibit 1 to the Collateralized Discount Bond and Par Bond Exchange Agreement, dated as of December 6, 1992, annexed hereto as Exhibit C (the "1992 Bond Form"), the following, *inter alia*, are defined as "Events of Default:"

> (a)     interest on any Bond is not paid when due and such default continues for a period of at least 30 days; or
>
> (b)     Argentina fails to pay the principal amount of any Bond called for redemption when due for a period of 15 days; or
>
> . . .
>
> (d)     Argentina defaults in the performance of any other obligation contained in the Bonds or the other Principal Bond Agreements relating to the Bonds and such default shall continue for a period of 90 days dafter written notice thereof shall have been given to Argentina at the office of the Fiscal Agent by any registered holder; or
>
> (e)     (i) the holders of 25% or more in aggregate outstanding principal amount of any issue or series of Publicly Issued External Indebtedness of Argentina or any Designated Argentine Governmental Agency (including any Other Bonds), as a result of any failure to pay the

principal of, or interest on, such Publicly Issued External
Indebtedness, accelerate such Publicly Issued External
Indebtedness or declare such Publicly Issued External
Indebtedness to be due and payable, or required to be
prepaid (other than by a regularly scheduled required
prepayment), prior to the stated maturity thereof and such
acceleration, declaration or prepayment shall not have been
annulled or rescinded within 30 days thereof or (ii)
Argentina or any Designated Argentine Governmental
Agency fails to pay the principal of any such Publicly
Issued External Indebtedness when due (after expiration of
any applicable grace period), or (iii) Argentina fails to pay
any interest when due under any Other Bonds (after
expiration of any applicable grace period); or

(f)     Argentina declares a moratorium with respect to the
payment of principal of, or interest on, Publicly Issued
External Indebtedness or Argentina . . . .

1992 Bond Form at pp. 24-25.

20.     The 1992 Bond Form further provides that "if such [Event of Default] is
continuing, registered holders of 25% or more in aggregate outstanding principal amount of the
[DPB] Bonds may, by written demand to Argentina at the office of the Fiscal Agent, declare the
[DPB] Bonds immediately due and payable," together with all accrued interest. *See* 1992 Bond
Form at p. 26.

21.     In or about December 2001, Argentina declared a moratorium on the
payment of principal and interest with respect to all of its foreign debt, including all payments
due under the DPB Bonds.

22.     Since December 2001, Argentina has failed to make any payment of
principal or interest to plaintiff Mr. Haber.

23.     In or about February 13, 2007, pursuant to Section 10(e) of the 1992 Bond
Form, the Fiscal Agent communicated to the holders of the DPB Bonds that the Fiscal Agent
received written communication from the holders of more than 25% of the principal amount

outstanding of the DPB Bonds and have declared such bonds immediately due and payable (the "Notice"). A true and correct copy of the Notice is annexed hereto as Exhibit D.

24.     By reason of the foregoing, there has been an Event of Default on the DPB Bonds, and Argentina is in breach of its obligations under the DPB FAA.

25.     By reason of the foregoing, Argentina has breached its contractual obligations to plaintiff Mr. Haber and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, plaintiffs demand judgment as follows:

i.      On Count One, awarding plaintiff Etcheto damages against the Republic in an amount to be determined at trial, plus interest;

ii.     On Count Two, awarding plaintiff Mr. Haber damages against the Republic in an amount to be determined at trial, plus interest;

iii.    Awarding plaintiffs their costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
       May 27, 2008

**DREIER LLP**

By: _____
        Marc S. Dreier (MD-9713)
        Joel A. Chernov (JC-8789)
        Regina M. Alter (RA-7014)

        499 Park Avenue
        New York, New York 10022
        (212) 328-6100

        *Attorneys for Plaintiffs*